UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
**VALERIE JOSEPHS,**
:
                              Plaintiff,
:   **MEMORANDUM**
:   **DECISION AND ORDER**
:
        - against -
:   18-CV-838 (AMD)
:
**COMMISSIONER OF SOCIAL SECURITY,**
:
                              Defendant.
:
:
------------------------------------------------------------ X

**ANN M. DONNELLY,** District Judge.

      The plaintiff challenges the Social Security Commissioner's decision that she was not disabled for the purposes of receiving Social Security Disability Insurance under Title II of the Social Security Act. The plaintiff argues that the Administrative Law Judge did not develop the record, and that the evidence did not support her decision that the plaintiff could do light work or her conclusion that the treating physician's opinion deserved no weight. For the reasons that follow, I conclude that the ALJ did not sufficiently explain why she gave no weight to the treating physician's opinion, and that she substituted her own opinion in place of a medical expert's on the subject of the plaintiff's residual functional capacity. The plaintiff's motion for judgment on the pleadings is granted, and the Commissioner's motion for judgment on the pleadings is denied.

      The 60 year old plaintiff applied for disability insurance benefits on July 7, 2014, alleging disability as of June 20, 2014, due to "Back/spine condition," "Spinal stenosis," and "Limited mobility/limited weight lifting ability." (Tr. 200-01, 314.) After the Social Security

1

Administration denied her claim on November 6, 2014, the plaintiff filed a written request for a hearing on November 10, 2014, pursuant to 20 C.F.R. § 404.929. (Tr. 96-101, 108-09.) ALJ Ifeoma Iwuamadi held a hearing on November 15, 2016, at which the plaintiff and vocational expert Marian Marracco testified. (Tr. 37-83.)

On February 8, 2017, the ALJ denied the plaintiff's claim for benefits, concluding that the plaintiff had the residual functional capacity to perform light work, even though she had severe impairments of "Lumbar spine spondylosis and osteoporosis, left elbow derangement, right knee derangement and left hip osteoporosis." (Tr. 18-3.) In medical source statements, the plaintiff's treating physician, Todd Schlifstein, opined that the plaintiff could stand and walk for three hours in an eight hour day, sit for two hours in an eight hour day, occasionally lift and carry less than ten pounds, rarely carry ten pounds, occasionally push or pull with her arms, and rarely push or pull with her legs. (Tr. 808-11.) The ALJ gave no weight to Dr. Schlifstein's opinion, concluding instead that the plaintiff could perform her past relevant work as a general clerical worker. (Tr. 29.) The ALJ found that the plaintiff could "lift/carry and push/pull ten pounds frequently and twenty pounds occasionally." (Tr. 22.) She also found that the plaintiff could sit for six hours in an eight hour day, stand for six hours, and walk for six hours, and that the plaintiff could not operate bilateral foot controls, could occasionally reach overhead with her left arm, and could "frequently reach around and perform handling, and fingering" with her left arm and left hand. (*Id.*) On March 24, 2017, the Appeals Council denied the plaintiff's request to review the ALJ's decision. (Tr. 1-3, 198-99.)

An ALJ should give controlling weight to a treating physician's opinion "as to the nature and severity of the [plaintiff's] impairment . . . so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ must "provide 'good reasons' for the weight she gives to the treating source's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004). The Second Circuit "do[es] not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion . . . ." *Id.* at 33. "The ALJ is not permitted to substitute [her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). To "override" the treating physician's opinion, the Second Circuit has held "that the ALJ must explicitly consider, *inter alia*, (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); 20 C.F.R § 416.927(c)(1)-(6).

Dr. Schlifstein treated the plaintiff for her back, knee, and other conditions over the course of two years. In medical source statements, he said that the plaintiff could stand and walk for three hours in an eight hour day, sit for two hours in an eight hour day, occasionally lift and carry less than ten pounds, rarely carry ten pounds, occasionally push or pull with her arms, and rarely push or pull with her legs.[1] ALJ Iwuamadi gave no weight to Dr. Schlifstein's opinion. In her view, the plaintiff was "working close to substantial gainful activity levels as a file clerk which is light work," and also worked as a travel agent, which the ALJ found inconsistent with Dr. Schlifstein's conclusion that the plaintiff was limited in her ability to sit, stand, lift, walk, and

---

[1] The defendant argues that Dr. Schlifstein submitted two inconsistent medical source statements. The ALJ did not cite this as a factor in her decision. In any event, if she believed that Dr. Schlifstein's opinion was inconsistent, she had "an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Hartnett v. Apfel*, 21 F. Supp. 2d 217, 221 (E.D.N.Y. 1998)).

bend. The record, however, shows that the plaintiff's work as a file clerk was limited to one or two half days per month. Her work as a travel agent was limited primarily to making telephone calls. The ALJ's reasons are not sufficient to override Dr. Schlifstein's opinion.[2]

The ALJ disregarded the only expert medical opinion about the plaintiff's condition and substituted her own; she determined, based on her review of the plaintiff's medical records, that the plaintiff could "lift/carry and push/pull ten pounds frequently and twenty pounds occasionally," and sit, stand, and walk each for six hours in an eight hour day. There is no medical evidence in the record to support these findings; no physician gave an opinion with these limitations. Because there is no medical evidence supporting the ALJ's RFC determination, remand is required. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted [her] own opinion for that of a physician, and has committed legal error."); *accord Legall v. Colvin*, No. 13-CV-1426, 2014 WL 4494753, at *4 (S.D.N.Y. Sept. 10, 2014); *see also Zorilla v. Chater,* 915 F. Supp. 662, 666-67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.").

On remand, the ALJ should reconsider the weight that Dr. Schlifstein's opinion deserves, determine whether inconsistencies can be resolved, and if necessary, seek additional medical evidence about the plaintiff's RFC.

The plaintiff's motion for judgment on the pleadings is granted, the defendant's motion is denied, and the case is remanded for further proceedings consistent with this opinion.

---

[2] The ALJ also cited the plaintiff's testimony that she had pain on her right side, which conflicted with the medical findings that she had pain on her left side. This discrepancy was not a reason to reject the doctor's opinion.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                      _____
                                      Ann M. Donnelly
                                      United States District Judge

Dated: Brooklyn, New York
        May 3, 2019